## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

UNITED STATES OF AMERICA,

     v.

JOHSUA ANDREW KITCHEN

     Defendant.

CASE NO.: 5:24-cr-7

## CRIMINAL TRIAL MANAGEMENT ORDER

The Court hereby orders that the above captioned case is set **PRETRIAL CONFERENCE** on Friday, September 19, 2025 at 1:30 PM and for **JURY SELECTION AND TRIAL** before Judge Wood, at 9:00 AM, on Tuesday, October 07, 2025 ,   Third Floor Courtroom, Federal Building, Tebeau & Carswell Streets, Waycross, Georgia. The Court **ORDERS** the parties to carefully read and comply with the following directives.

**I.**    **General Directions**

In this Order, the Court sets forth the parties' obligations to prepare this matter for trial.  It is not the Court's intention to impose needlessly onerous obligations on counsel.  Rather, these measures are designed to ensure the just and efficient trial of this case.  It is the Court's experience that the administration of justice is better served when the matters addressed herein are resolved well in advance of trial rather than by last minute filings on the eve of or during trial.

Except where otherwise indicated in this Order, the parties shall electronically file the documents described below using the Court's CM/ECF system.  Each filed document should be separately and clearly captioned.  When documents are required by this Order to be sent to the Court by email attachment, they should be submitted to the Courtroom Deputy Clerk Whitney

Sharp at whitney_sharp@gas.uscourts.gov. Any questions may be directed to the Courtroom Deputy Clerk either by email or by telephone at (912) 262-2614.

## II.    Motions to Continue or Extend

The Court will only continue or extend the deadlines in this Order upon a showing of good cause. If any party seeks to continue or extend any of the deadlines in this Order including the date of the trial and/or pretrial conference, the party must make that request via a motion filed on the Court's docket. The filing of a notice of a plea agreement alone will not continue or extend the deadlines in this Order. Absent a showing of good cause, a motion to continue or extend the trial should be made at least two weeks before the trial date. Prior to filing any request to continue or extend, the requesting party shall consult with opposing counsel to determine if the opposing party agrees with or opposes the request. Within any motion to continue or extend, the moving party shall state whether the Defendant agrees with or opposes the request and whether opposing counsel agrees with or opposes the request. Additionally, within any motion to continue or extend, the moving party should state whether the period of delay should be excluded in computing the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161.

## III.    Motions in Limine

The parties shall file any motions in limine on or before **Monday, September 15, 2025**. The parties shall file any responses to any motions in limine on or before **Monday, September 29, 2025.** Complex trial issues, including substantial evidentiary questions, are better resolved in advance of, rather than in the midst of, trial. Thus, where possible, the Court expects the parties to raise complex trial issues, including complex debates regarding the exclusion or admission of evidence, through motions in limine. However, the Court discourages the filing of form motions in limine or motions about issues the opposing party does not dispute.

**IV.    Requested Voir Dire, Jury Instructions, and Verdict Form**

Each party shall file the party's requested voir dire, jury instructions, and verdict form on or before **Thursday, September 11, 2025.**  Each party shall file any objections to an opposing party's requested voir dire, jury instructions, and verdict form on or before **Thursday, September 18, 2025.**  In addition to the CM/ECF-filed requests, each party shall email a copy of the party's requested voir dire, jury instructions, and verdict form as attachments in Word format to the Courtroom Deputy Clerk.

The parties are encouraged to use and refer to the Eleventh Circuit Pattern Jury Instructions in making their requests.  For each requested jury instruction, the party should include the full text of the requested instruction and the pattern instruction number or other authority on which the request is based.  If a party's requested instruction includes a modification of the pattern instruction, the party should so indicate.

**V.    Exhibit List and Witness List**

Each party shall e-mail the Courtroom Deputy Clerk a copy of their witness list and exhibit list as attachments in PDF and Word format on or before **Friday, September 19, 2025.**  Parties shall not file the witness list on the record of the case in CM/ECF.  At the pretrial conference, the Court will discuss with counsel whether each party's exhibit list and/or witness list should be disclosed to opposing counsel.[1]

---

[1] The Court does not provide a separate deadline for an expert witness list and narrative summaries of any expert testimony.  It is the Court's expectation that the parties have already exchanged such materials pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G).  However, the parties should be expected to discuss their proposed expert witnesses with the Court at the pretrial conference.

## VI.    Trial Exhibits

On or before **Friday, October 3 , 2025**, each party shall deliver to the Courtroom Deputy Clerk, a USB flash drive containing all trial exhibits in electronic format,[2] with an exhibit tag for each exhibit.[3]  Parties shall not file trial exhibits on the record of the case in CM/ECF.

Original exhibits shall be submitted at the time of trial in electronic format and in accordance with the Eleventh Circuit rules regarding exhibits (11th Cir. R. 11-3, http://www.ca11.uscourts.gov/rules-procedures).  Ordinarily, the electronic version of an exhibit shall be the version introduced into evidence at trial, shown to witnesses, and published to the jury. Additionally, all parties shall provide one paper courtesy copy of all trial exhibits for inclusion in a Trial Exhibit Notebook to be given to the jury at the conclusion of the case.  The Trial Exhibit Notebook for the jury should contain said trial exhibits with exhibit tags three-hole punched and placed into labeled three-ring binders with numerical side index tabs for each exhibit.

## VII.    Trial Memoranda

Each party may file, but is not required to file, a trial memorandum.  Any party desiring to file a trial memorandum shall file the memorandum on or before **Friday, October 3, 2025**.  A trial memorandum should be filed where necessary to make the Court aware of significant or unique procedural, factual, or legal issues that the party expects to arise at trial.  The memorandum should contain a short and plain statement of any such issues.  For any legal issues, the party must cite to

---

[2] Acceptable electronic formats are limited to the following file types: .pdf, .jpg, .bmp, .tif, .gif, .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav, .3gpp. Each trial exhibit should be clearly named in an easily identifiable manner.  Should the parties have any questions regarding the electronic format or naming conventions for proposed exhibits, they should contact the Courtroom Deputy Clerk well in advance of their deadline for submission of electronic exhibits.

[3] The form for the exhibit tag is located on the Court's website under the "Forms" tab under "Criminal and Civil (Both) – Exhibit and Witness List Package."  Should the parties have any questions regarding the exhibit tags, they should contact the Courtroom Deputy Clerk well in advance of their deadline for submission of electronic exhibits.

relevant legal authority. A party should not file a trial memorandum to discuss routine or insignificant issues. A party should also not file a trial memorandum to request court action prior to trial as such a request should be made in a motion in limine. Additionally, a party should not file a trial memorandum to reiterate issues that have already been raised by a motion in limine. When filing a trial memorandum, the party should use the "Trial Brief" event in CM/ECF located under Criminal – Other Filings – Trial Documents.

## V.    Pretrial Conference

At the pretrial conference, the Court will conduct a meaningful and substantive discussion regarding the trial of this case. Thus, the Defendant and any attorney participating in the trial of the case shall be present at the pretrial conference. Counsel shall be prepared to discuss and offer argument on any motions in limine and responses thereto, as well as any trial document listed above and objections thereto. Absent a significant issue, the Court will not address individual exhibit objections at the pretrial conference as those objections are better addressed during trial. Additionally, at the pretrial conference, counsel should bring to the Court's attention any witnesses, parties, counsel, or others who will be present at trial and who may need accommodation for any disability.

SO ORDERED, this 11th day of August, 2025.

LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA